NAPOLI BERN RIPKA SHKOLNIK, LLP
Joseph P. Napoli (JP9195)
Attorneys for Plaintiff
350 Fifth Avenue, Suite 7413
New York, New York 10022
(212) 267-3700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FELICITA MELENDEZ,

                CIVIL NO.: 12-CV-8846 (PKC)

      Plaintiff,

 vs.

GERARDO RODRIGUEZ, VOLPE DEDICATED,
INC., and RITE AID HEADQUARTERS CORP.,

      Defendants.

-----------------------------------------------------------------X


## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION IN LIMINE


*Of Counsel*                     Napoli Bern Ripka Shkolnik, LLP
 Joseph P. Napoli               *Attorneys for Plaintiff*
                         350 Fifth Avenue, Suite 7413
                         New York, New York 10118
                         (212) 267-3700

## PRELIMINARY STATEMENT

Plaintiff, by and through her attorneys Napoli Bern Ripka Shkolnik, respectfully submits this Memorandum of Law in reply to the Memoranda of Law submitted by defendants RITE AID HEADQUARTERS CORP. ("Rite Aid"), GERARDO RODRIGUEZ and VOLPE DEDICATED, INC. (hereinafter "Rodriguez" and "Volpe," respectively, collectively the "Volpe Defendants"), in opposition to her motion to preclude or substantially limit the testimony and opinions of Mr. Kevin Galbreath, a purported expert proffered by Rite Aid.

## STATEMENT OF THE CASE

The factual background, procedural history and summary of challenged testimony as detailed in plaintiff's Memorandum of Law in Support of the instant motion are adopted, unchanged, as though fully set forth herein.

## ARGUMENT

### DEFENDANTS' ARGUMENTS IN OPPOSITION FAIL TO DEMONSTRATE THEY HAVE MET THEIR BURDEN AS PROPONENTS OF OPINION TESTIMONY UNDER RULE 702

As detailed in plaintiff's Memorandum of Law in Support, Federal Rules of Evidence 104(a) and 702, as interpreted by the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), provide the controlling standards by which trial courts evaluate the admissibility of expert opinion testimony. Plaintiff submitted extensive proof and legal support for her motion, which detailed the voluminous reasons why this Court should conclude that Galbreath is unqualified to render any of his opinions; that his opinions are not based on reliable principles and methods; that Galbreath failed to apply reliable principles and methods to the facts of this case; that Galbreath's opinions are irrelevant; and that whatever minimal probative value

Galbreath's opinions may have is so substantially outweighed by the danger they pose of unfair prejudice and other Rule 403 factors that they must not be admitted under any circumstances. Here, the law places the burden entirely on the defendants to disprove each and every one of the foregoing, by a preponderance of all available proof. *See* Fed. R. Evid. 104(a), 702; *Daubert*, 509 U.S. at 593 n. 10. Defendants' arguments in favor of admitting Galbreath's testimony fall well short of that burden with respect to each of plaintiff's objections. Accordingly, his testimony is inadmissible.

### A. Galbreath's Work Experience In Transportation Safety Does Not Qualify Him To Render An Expert Opinion In This Matter.

Although a proposed expert may be qualified in one area, it does not follow that he is qualified to render an opinion on every matter at issue in a particular case. *See Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 588, 642 (S.D.N.Y. 2007). Furthermore, "Rule 702 mandates that experts stay within the reasonable confines of their subject area, and cannot render expert opinion on an entirely different field or discipline." *Davis v. Carroll*, No. 09 Civ. 1088 (JPO), 2013 WL 1285272, *20 (S.D.N.Y. Mar. 29, 2013) (citing *Lappe v. Am. Honda Motor Co., Inc.*, 857 F.Supp. 222, 227 (N.D.N.Y. 1994) *aff'd sub nom. Lappe v. Honda Motor Co. Ltd. of Japan*, 101 F.3d 682 (2d Cir. 1996)) (internal quotation marks omitted); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995) ("*Daubert II*") (observing that, "something doesn't become scientific knowledge just because it's uttered by a scientist"). Furthermore, an expert using his experience to reach his conclusions must sufficiently explain the connection between his experience, the facts of the case, and his conclusions, otherwise they must be excluded. *Daubert*, 509 U.S. at 590; *see* Advisory Committee's Note, 2000 Amendments, Fed. R. Evid. 702 ("If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the

conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts")

Galbreath's *Curriculum Vitae* states that his only professional experience investigating accidents, which ended in 1998, was limited to just five of the twenty years he has spent working in his field, and his current work activities are inapposite to the job he was asked to perform here. He took only one professional course related to any matter at issue in this case. None of the deposition testimony he gave before he was retained by Rite Aid involved events like those giving rise to this case, and he has never been qualified as a trial expert by any court. Finally, he has no education or training that qualify him to opine, as an expert, that plaintiff should have heard the truck that hit her – he is not an acoustical specialist, or an audiologist, but a trucking consultant.

On the foregoing points, defendants' opposition memoranda offer only hagiographies based on Galbreath's *C.V.*, and point out that he has had to make reference to the safety regulations that apply to commercial transportation in order to perform his job. It may very well be true that "Mr. Galbreath has seen the good and bad in those many years of observing and auditing the investigation practices of motor carriers," and "has held positions dealing with motor carriers, and thus tractor trailers." Volpe Defendants' Memorandum of Law In Opposition ("Volpe Opp."), ECF No. 54 at 6. However, the fact that he dealt with motor carries those many years, directly observing and auditing, as opposed to what he did in this case – reviewing testimony – is precisely why his experience does not qualify him to render an expert opinion in this case. Similarly, the fact that Galbreath has heard many loud trucks does not qualify him under Rule 702 to say that plaintiff should have heard the truck that hit her under the prevailing conditions at the scene of the accident. Defendants have failed to demonstrate the reliability of

the connection Galbreath posits between his experience, his review of the testimony, and his opinions.

Furthermore, none of the case law cited by Rite-Aid in opposition to the foregoing[1] is controlling authority, much less applicable to the circumstances of this case. In *Palmer v. Ozbek*, 144 F.R.D. 66 (D. Mich 1992), the expert was not challenged on the basis of his qualifications, but because there was reason to believe he had knowledge of privileged communications by the objecting party. In *Loudermill v. Dow Chemical Co.*, 863 F.2d 566, the expert's methodology, not his qualifications, were the basis of the challenge before the court. In *Davis v. U.S.*, 865 F.2d 164, an expert was admitted who had specialized training in the field of his testimony, and had received periodic updates and training in it. Here, by contrast, Mr. Galbreath took only one course in the field of his testimony, and the defendants offered no proof to show that he has received further education in it. Defendants have not met their burden of demonstrating Galbreath is qualified. He should be precluded.

### B. Galbreath's Inexpert, Nonexistent Methodology Is Unredeemed By Any Of The Defendants' Arguments.

Galbreath did not observe and participate in the Volpe defendants' operations, and so did not apply the methodology that his experience allegedly qualifies him to employ. He did not even interview Rodriguez or any Volpe employees or managers, which might have afforded him the ability to ask questions based on his experience. He only compared the defendants' self-serving deposition testimony to published regulations. Worse, Galbreath employed no methodology whatsoever in arriving at his opinion about Plaintiff's hearing. In effect, he did no more than state that he has been around a lot of trucks, all of which were very loud, especially

---

[1] No authority was cited on this point by the Volpe Defendants.

4

when moving.  None of the foregoing is a reliable methodology drawn from the practices of his field, nor is it based on a body of knowledge that could be considered expertise.

Defendants' *ad hoc* contentions in support of Galbreath's methodology offer no contradiction of the foregoing arguments, much less suggest an alternative reason for this Court to conclude they have shown a preponderance of proof indicating Galbreath reliably applied reliable principles and methods to the facts of this case.  Incredibly, the Memorandum submitted in opposition by Rite Aid, the party that exchanged Galbreath, does not even use the phrase "principles and methods," or the word "methodology."  *See* Rite Aid's Memorandum of Law in Opposition ("Rite Aid Opp"), ECF No. 51.  The single paragraph the Volpe Defendants offer to meet their burden of proof as to the crucial question of reliability merely states that, because Galbreath's opinions are based on his experience, they must be reliable.  It further states, "Liewise [sic], certainly 23 years [of experience] provides a reliable method to opine that plasintiff [sic] should have heard the Volpe tractor trailer as it approached her."  Volpe Opp., ECF No. 54 at 7.  Assuming *arguendo* that Galbreath's experience even qualifies him under Rule 702, the Volpe Defendants fail to identify what "method" they are talking about, or explain how it was reliably applied to the facts of this case.  Neither memorandum cites any legal precedent suggesting that such testimony is reliable within the meaning of Rule 702.

The defendants' arguments simply do not address any of the glaring gaps between the standards they must satisfy and Galbreath's opinions.  The burden here is on the defendants to demonstrate reliability, and they have failed to do so.  Accordingly, Galbreath must be precluded.

### C.  Galbreath's Opinions Usurp The Roles Of The Court And Jury.

Galbreath's testimony regarding the Volpe Defendants' regulatory violations is being offered to tell the jury what result to reach.  Such testimony "does not *aid* the jury in making a

5

decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this court requires the exclusion of testimony which states a legal conclusion." *U.S. v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). It is the exclusive province of the trial court to instruct the jury as to which regulations, if any, applied to the Volpe Defendants, and it is the jury's exclusive province to apply those regulations to the facts. *See, e.g.*, *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir), *cert denied*, 502 U.S. 813 (1991); 846 F.2d 135, 140, *aff'd on reh'g*, 856 F.2d 5 (2d Cir. 1988); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 510-11 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977);

All this Court needs to look at to determine whether Galbreath's conclusions violate the Second Circuit's longstanding, oft-affirmed prohibition against experts offering legal conclusions is the last sentence of the fourth opinion in his report: "There is *no evidence* that would indicate that this motor carrier is anything other than *a law abiding company complying with all the rules and regulations of the U.S. Department of Transportation.*" Galbreath Report, Ex. "3" to Napoli Declaration in Support of Plaintiff's Motion, ECF No. 32-3 at 2 (emphasis added). Galbreath not only states that defendants did not violate any of the regulations that he claims were applicable, he attempts to instruct the jury as to the conclusions they should draw from the evidence.

Defendants claim that Galbreath "is forced to mention" the regulations he "refers to" because Plaintiff has accused the defendants of violating those regulations. Rite Aid Opp., ECF No. 51 at 7. In fact, Galbreath plainly does more than refer to standards: he conclusively states which regulatory standards applied to the defendants' conduct, and declares with like certainty

6

that, not only did the defendants not violate those standards, they went "above and beyond them." Galbreath Report, ECF No. 32-3 p. 2. Such opinions are, as a matter of law, unhelpful to the trier of fact within the meaning of Rule 702's requirements, and must be precluded. *See* Advisory Committee's Note, Fed R. Evid. 704 (Opinions telling the jury what result to reach are not "helpful to the trier of fact," within the meaning of Fed R. Evid. 702, thus inadmissible).

Defendants cite no controlling authority to dispute the aforementioned prohibition is the applicable law on this point, and no authority suggesting that Galbreath's opinions are distinguishable in any way from the kind of opinion testimony subject to prohibition. In the sole case cited by both defendants on this point, the Ninth Circuit indeed held that "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). However, the witness the court was referring to in the above passage, cited by defendants, *see* Rite Aid Opp., ECF No. 51 at 7; Volpe Opp, ECF No. 54 at 8, was testifying only in part as to his understanding of how state statutory provisions affected industry norms. *Hangarter*, 373 F.3d at 1017 (emphasis added). Here, by contrast, Galbreath will testify that certain regulations are directly applicable to the facts of the case, and then testify that the Volpe Defendants did not violate them.

In light of the foregoing, Defendants have failed to demonstrate that Galbreath's testimony would provide anything but unhelpful, contumacious usurpations of the roles of the Court and jury. They offer no accounting, factual or legal, of why his opinions do not run afoul of the laws prohibiting such testimony. Accordingly, they have not met their burden to demonstrate Galbreath's testimony would be helpful to the jury. It must be precluded.

### D. Galbreath's Legal Opinions Would Be Irrelevant Even If They Were Not Barred By The Rule Against Legal Conclusions.

Galbreath's opinion regarding the currency of Rodriguez's medical certificate is irrelevant because he makes no attempt to explain the significance of a medical certificate and relate it to Rodriguez's fitness as a driver. Defendants claim the currency of his medical certificate "is germane to or not [sic] defendants hired someone… contraindicated to safely operate and control the vehicle." Rite Aid Opp., ECF No. 51 at 8. However, it could well be that Rodriguez's medical certificate only signifies that he is not likely to have a heart attack or a stroke while driving his tractor-trailer. If so, then his medical certificate is completely irrelevant to this action. Critically, there is no proof currently before the court speaking to what a current medical certificate signifies, either in Galbreath's report or in any other proof cited to by the defendants – the party which must demonstrate the relevance of each of Galbreath's opinions. Accordingly, again, they have failed as a matter of law to meet their burden of demonstrating relevance with regard to that opinion, and it should be barred.

Rite Aid's remaining arguments in opposition to that portion of the instant motion directed at the relevance of Galbreath's remaining opinions should be disregarded by this Court, as they are clearly unrelated to Galbreath's admissibility as an expert. Plaintiff's opposition to Rite Aid's motion in limine will fully address the admissibility of evidence concerning Volpe's post-accident conduct and its clear connection to these defendants' reckless, wanton lack of care.

### E. Galbreath's Testimony Will Be Highly Prejudicial, Needlessly Cumulative, And A Waste Of This Court's Time.

Galbreath's conclusions have been exposed as unreliable, unhelpful, and irrelevant, and defendants have offered little or no contrary proof, much less sufficient proof to meet their burden as the proponents of his testimony. For an opinion to be probative, it must aid the jury by making a fact in issue more or less likely than it would be in the absence of the opinion. Fed. R.

Evid. 401. Here, Galbreath's opinions do not "directly address those assertions that the plaintiff has put into question." Rite Aid Opp., ECF No. 51 at 10. They deny plaintiff's allegations in legal terms that render them unhelpful to the jury. To the extent that they do address her allegations, they are based on the unreliable methodology of a witness who is unqualified to render such opinions. It follows that the probative value of his testimony (if any) would be minimal.

However, its prejudicial effect would be staggering. The defendants would urge the jury to substitute Galbreath's opinions on which laws applied to the Volpe Defendants for the instructions of the judge, and to rely on Galbreath's assertions of the Volpe Defendants' compliance with those laws instead of their own judgment. Accordingly, presenting his testimony at trial would risk having issues of fact decided on an improper basis, which is the definition of prejudice. *See* Advisory Committee's Note, Fed. R. Evid. 403.

Furthermore, the incident that occasioned this action was simple: an elderly woman walking to work was crushed by a tractor-trailer. The underlying facts are not so complex or difficult for lay persons to understand that expert testimony is required to present them in a coherent manner. The Court, if it so chooses, may take judicial notice of the regulations Galbreath applies so conclusively, and instruct the jury accordingly, in a manner that does not risk unfair prejudice. His testimony is simply unnecessary.

Defendants barely bother to dispute the above, ample grounds for excluding Galbreath's testimony under Rule 403. Their opposition is merely a recapitulation of their previous arguments. They cite no case law to distinguish Galbreath's opinions from the opinions excluded by multiple controlling authorities cited to by the plaintiff. Once again, defendants have failed to meet their burden of demonstrating the admissibility of Galbreath's testimony.

## CONCLUSION

Based on the foregoing, and the affirmations and arguments previously submitted in support of the instant motion, Plaintiff respectfully requests that this Court grant her motion in its entirety and preclude the defendants from offering Kevin Galbreath's testimony under Rule 702 at the trial of this matter.

Dated: New York, New York
September 20, 2013

Respectfully submitted,

NAPOLI BERN RIPKA SHKOLNIK, LLP
*Attorneys for the Plaintiff*

By: _____
Joseph P. Napoli (JN9195)

350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700